UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

GEORGE CONSTANTINE,

                Defendant.

21-cr-530 (SHS)
25-cv-4219 (SHS)

<u>OPINION & ORDER</u>

SIDNEY H. STEIN, U.S. District Judge.

In 2022, a jury convicted defendant George Constantine of mail fraud, wire fraud, and conspiracy in connection with a staged trip-and-fall scheme for which this Court sentenced him to 102 months of imprisonment. (ECF No. 249.) The U.S. Court of Appeals for the Second Circuit subsequently affirmed defendant's conviction and sentence on direct appeal. *See United States v. Constantine*, No. 23-6440, 2025 WL 601201 (2d Cir. Feb. 25, 2025). Constantine now moves pro se to vacate his conviction and sentence and seeks a new trial pursuant to 28 U.S.C. § 2255, contending that his trial counsel was constitutionally ineffective and raising numerous claims of prosecutorial misconduct. (ECF No. 332.) For the reasons set forth below, the Court denies Constantine's motion in its entirety.

I. LEGAL STANDARD

28 U.S.C. § 2255 directs the Court to vacate, set aside, or correct a judgment if it finds that there has been "such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Review pursuant to section 2255 is "narrowly limited to preserve the finality of criminal sentences," *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (citation modified), and "the burden of proof is on the party seeking relief," *Galviz Zapata v. United States*, 431 F.3d 395, 399 (2d Cir. 2005) (quoting *Williams v. United States*, 481 F.2d 339, 346 (2d Cir. 1973)).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the U.S. Supreme Court set forth the standard a petitioner must meet to establish a claim of ineffective assistance of counsel. To succeed on such a claim, a petitioner must prove that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687–88, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

1

Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential," *Strickland*, 466 U.S. at 689, and a court must indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Cox v. Donnelly*, 387 F.3d 193, 198 (2d Cir. 2004) (quoting *Strickland*, 466 U.S. at 689).

Although the district court may hold a hearing on a motion brought pursuant to section 2255, there is no need for a hearing where a petitioner's allegations are "vague, conclusory, or palpably incredible." *Gonzalez v. United States*, 722 F.3d 118, 130–31 (2d Cir. 2013) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Id.* at 131.

## II. TRIAL COUNSEL WAS NOT CONSTITUTIONALLY INEFFECTIVE.

Constantine offers a litany of examples supposedly demonstrating the ineffectiveness of his trial counsel. These examples generally allege a failure by trial counsel to (1) cross-examine or impeach certain witnesses, (2) call certain witnesses to testify, (3) object to certain testimony, (4) raise certain claims, or (5) correctly advise Constantine as to whether he should testify.

Having conducted the underlying trial, this Court is "in a superior position to appreciate the intricacies of the defense as it unfolded." *See United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998). For the reasons set forth below, the Court finds that trial counsel was not constitutionally deficient.

### A. Failure to Cross-Examine and Impeach Witnesses

Constantine alleges that trial counsel was constitutionally deficient for failing to cross-examine and impeach various witnesses at trial. (ECF No. 332 at 4–15.) Constantine's claims fall well short of *Strickland*'s high bar.

For example, Constantine asserts that defense counsel was obligated to cross-examine trial witness Kasheem Jones over alleged discrepancies between Jones's trial testimony and Jones's prior statements at a civil deposition and proffer with the Government. (*Id.* at 4–6.) Constantine insists Jones's trial testimony contradicted his prior explanations about when certain accident scene photographs were viewed, whether certain questions were asked, and when certain claims were withdrawn in connection with a civil lawsuit years prior. (*Id.* at 5–6.) According to Constantine, defense counsel was required to highlight these discrepancies in order to impeach Jones's credibility.

2

As an initial matter, the Court disagrees that Jones's trial testimony was contradictory.[1] Regardless, "[d]ecisions whether to engage in cross-examination, and if so to what extent and in what manner, are . . . strategic in nature" and will not typically form the basis for an ineffective assistance claim. *See United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987). Trial counsel could have reasonably decided that the extremely minor discrepancies identified in Constantine's motion were not worthy of highlighting to the jury. *See United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) ("Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." (citation modified)); *Nersesian*, 824 F.2d at 1321 ("Counsel might very well have felt that there was little need for additional probing by the time it was his turn to cross-examine, or even that cross-examination at that point might have been counterproductive.").

The trial record also belies essentially all of Constantine's allegations. For instance, Constantine asserts that trial counsel failed to cross-examine trial witness Kerry Gordon over inconsistencies in Gordon's estimates of fraudulent cases and rejected referrals. (ECF No. 332 at 9–11.) In fact, trial counsel engaged in significant cross-examination on both points. (*See* Tr. at 502–03, 539–45, 560–67, 572–73, 626–28.) The same is true of Constantine's claims that counsel failed to cross-examine trial witness Peter Kalkanis over Kalkanis's asserted level of control over the trip-and-fall scheme. (ECF No. 332 at 13; *see* Tr. at 1696–701.) The trial record reveals that defense counsel vigorously cross-examined the Government's witnesses and made numerous attempts at impeachment. (*See, e.g.*, Tr. at 186–237, 502–630, 870–917, 1690–1740, 1756–1836.) Rather than being deficient, defense counsel reasonably and competently represented Constantine at trial. Having failed to plausibly claim otherwise, Constantine has not met his burden under *Strickland*'s first prong.

Constantine also fails to plausibly allege prejudice under *Strickland*'s second prong. At trial, the Government presented ample evidence supporting Constantine's guilt. This evidence established, *inter alia*, that Constantine continued to pursue cases even after viewing video evidence showing that a claimed accident had been staged. (*See id.* at 1545–46, 1566–68); *see also Constantine*, 2025 WL 601201, at *3 ("[W]e conclude that there

---

[1] At trial, Jones testified that he "[p]ossibly" viewed certain accident scene photographs at an August 1, 2017 deposition connected to a civil lawsuit but cautioned that he could not recall with certainty. (Trial Transcript ("Tr.") at 232.) That the transcript of that deposition might confirm Jones viewed those photographs does not, as Constantine claims, contradict Jones's trial testimony. Also contrary to Constantine's declarations, Jones did not testify that his hand-injury claim had been formally withdrawn prior to his 2017 deposition, and Jones conceded he could not recall whether he was deposed regarding his hand injury. (*See id.* at 234–35.) However, even if assumed to exist, such discrepancies are so minor that a failure to highlight them at trial simply cannot form the basis of a *Strickland* claim.

was sufficient evidence that Constantine was aware of the fraudulent scheme. We need look no further than Kalkanis's testimony that he and Constantine agreed to bring fraudulent cases. Viewed in the light most favorable to the Government, Kalkanis's testimony alone, which the jury was entitled to credit, is sufficient to support the verdict."). In light of this evidence, the errors in cross-examination alleged by Constantine simply did not materially impact the outcome of his trial.

### B. Failure to Call Witness

Constantine's contentions that trial counsel was constitutionally deficient for failing to call numerous specific witnesses similarly lack merit. Constantine asserts, for instance, that trial counsel was constitutionally required to call Demetrios Bothos, an attorney who maintained an office next to Constantine's. According to Constantine, Bothos would have testified to not observing the volume of visitors claimed by Kalkanis and Gordon. (ECF No. 332 at 18, 20–21.) Constantine maintains similarly of Alan Weingarten, whom Constantine alleges would have testified to observing Kalkanis disclaim involvement in fraudulent activity. (*Id.* at 18, 20.)

This Court cannot deem trial counsel's choice unreasonable. "Courts applying *Strickland* are especially deferential to defense attorneys' decisions concerning which witnesses to put before the jury." *Greiner v. Wells*, 417 F.3d 305, 323 (2d Cir. 2005). "Moreover, an attorney's decision 'whether to call specific witnesses—even ones that might offer exculpatory evidence—is ordinarily not viewed as a lapse in professional representation.'" *United States v. Betancur*, 84 F. App'x 131, 135 (2d Cir. 2004) (quoting *Best*, 219 F.3d at 201). Given the nature of the testimony that Constantine asserts these witnesses would have delivered, counsel could have reasonably concluded that calling Bothos, Weingarten, or others as witnesses was of little value.

Moreover, it is improbable that this additional testimony would have resulted in a different trial outcome. That, for example, Kalkanis denied engaging in fraud prior to being arrested and prior to testifying extensively at trial as to his guilt does not negate the substantial evidence presented at trial supporting Constantine's guilt. Once again, Constantine's motion fails to meet either *Strickland* prong.

### C. Failure to Object

The Court need not dwell long on Constantine's claims that trial counsel was constitutionally ineffective for failing to object to the admission of various witnesses' testimony. Constantine does not identify grounds on which his desired objections would have been sustained or establish that these objections would have altered the trial outcome. For instance, Constantine contends that trial counsel should have objected to all testimony from trial witness Tara Arce, an insurance claims investigator,

4

on grounds that Arce's records included cases falling outside the scope of the indicted conduct. (ECF No. 332 at 15–16.) However, Constantine fails to acknowledge the relevance of Arce's testimony as a representative of a victim of the scheme. Moreover, the U.S. Court of Appeals for the Second Circuit previously concluded that "any error in admitting Arce's testimony was harmless." *Constantine*, 2025 WL 601201, at *2.

Constantine's claims that trial counsel should have objected to testimony by trial witnesses Malike Walker and Paola Trujillo are equally flawed. (ECF No. 332 at 6–8, 16–18.) Walker's testimony was relevant as someone who retained Constantine in connection with a staged trip-and-fall accident (*see* Tr. at 812–813), and the Court heard and denied objections to the admissibility of Trujillo's testimony at trial (*id.* at 1507–17).

### D. Failure to Raise Claims

Constantine also contends that trial counsel should have raised additional claims accusing the Government of selective prosecution, unlawful wiretapping, and a failure to disclose documents (ECF No. 332 at 22–24), but Constantine supplies no evidence substantiating these allegations of misconduct. *See United States v. Davis*, 122 F.4th 71, 76 (2d Cir. 2024) ("[I]t is well settled that 'failure to make a meritless argument does not amount to ineffective assistance.'" (quoting *United States v. Regalado*, 518 F.3d 143, 149 n.3 (2d Cir. 2008))); *see also Gonzalez*, 722 F.3d at 131 ("To warrant a hearing, the motion must set forth specific facts supported by competent evidence . . . .").

The Court also disagrees that trial counsel was obligated to move for a new trial on the basis that some insurance companies settled trip-and-fall claims against them. (ECF No. 332 at 21–22.) An insurance company's decision to settle a civil lawsuit is irrelevant to the question of whether Constantine knowingly participated in a fraudulent scheme. (*See* Tr. at 78.)

### E. Constantine's Decision Not to Testify

Constantine's contention that trial counsel was constitutionally lacking for advising him not to testify is equally unpersuasive. Considering the perils associated with subjecting a defendant to cross-examination—particularly one such as Constantine, against whom extensive evidence of guilt was submitted at trial—counsel's recommendation was manifestly not objectively unreasonable. *See United States v. Eisen*, 974 F.2d 246, 265 (2d Cir. 1992) ("It was a reasonable tactical decision to rely exclusively on attacking the Government's witnesses and presenting independent testimony rather than to subject [defendant] to all of the risk attendant on cross-examination.").

Constantine does not allege that trial counsel failed to advise him of his right to testify or overrode his decision to testify. *Cf. Brown v. Artuz*, 124 F.3d 73, 79 (2d Cir.

1997) ("Although counsel . . . may strongly advise the course that counsel thinks best, counsel must inform the defendant that the ultimate decision whether to take the stand belongs to the defendant, and counsel must abide by the defendant's decision on this matter."). In a reply brief, Constantine insists that trial counsel "did override the defendant's desire to testify." (ECF No. 349 at 8.) Constantine fails to support this claim with any evidence or otherwise explain how counsel did so, and the trial record makes clear that Constantine decided not to testify after having been fully informed by the Court of his right to do so irrespective of what his attorney's view may have been on the matter. (Tr. at 2117–19.)

### III. CONSTANTINE'S PROSECUTORIAL MISCONDUCT CLAIMS ARE PROCEDURALLY DEFAULTED

Constantine also asserts an entitlement to relief pursuant to section 2255 premised on various accusations of prosecutorial misconduct, including allegations that the Government elicited false testimony, presented false evidence, and engaged in selective prosecution as well as unlawful wiretapping. (ECF No. 332 at 9–10, 21–24.) Not only does Constantine fail to substantiate these claims with competent evidence, but he also failed to raise them on direct appeal. They are thus procedurally improper.[2] *See United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011) ("In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal.").

For the reasons set forth above, Constantine's motion is hereby denied without an evidentiary hearing. Because Constantine has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445–46 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to defendant as follows: George Constantine [61834-509], FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640.

---

[2] The Court entertains Constantine's *Strickland* claims despite not having been raised on direct appeal because "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Dated: New York, New York
September 26, 2025

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.